[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on November 30, 1974 in White Plains, New York. They have resided continuously in this state since 1975. There are two minor children issue of the marriage, Julie Smikle born February 28, 1978 and Dianne Smikle born February 3, 1976.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 17 years. The two minor children are aged 15 and 13 years of age. The plaintiff is 40 years of age and in good health. She has been gainfully employed throughout the marriage. The plaintiff is presently earning a net of $335.01 per week as a receptionist.
The defendant is 44 years of age and in good health. He has been employed at Gannett Newspapers for approximately 20 years in various capacities. Up until 1990, the defendant worked nights as a pressman. This left him free during the day to do remodeling and other improvements on the two pieces of real estate the parties own, in addition to doing some side jobs. In January 1991, during the course of this litigation, the defendant transferred to the day shift and is presently earning a gross of $683 per week and a net of $498.81 per week. However, the defendant's W-2 for 1990 indicates earnings of $37,912. The parties received a tax refund of $2,306 in 1988 CT Page 3450 and $2,401 in 1989.
The parties moved from Canada to the United States in 1970. During the early years of the marriage the defendant worked two jobs, while the plaintiff was the primary caretaker of the two children. The defendant purchased a rental income property in 1978 located at 53-55 Quintard Avenue, Stamford using the marital home at 102 Lawn Avenue, Stamford for mortgage purposes.
The plaintiff related several incidents of physical abuse during the course of the marriage. The defendant admitted to the plaintiff that he had had an affair with another woman but did not admit to having a drinking problem. The parties engaged in marital counseling and the defendant went to some AA meetings. The two children are presently in counseling and the parties have agreed that the defendant shall not have visitation at the present time until the children are ready to see the defendant.
Unfortunately, the marital counseling was of no avail and the parties were unable to resolve their marital difficulties.
The defendant was industrious in maintaining and remodeling the two pieces of real estate and in doing side jobs. Commencing in 1989, and while the parties were separated and living apart, the defendant liquidated much of the marital assets of the parties, including the sale of stock, the IRA's the children's custodial accounts and the life insurance. The plaintiff received approximately $11,732 in January 1990 from a personal injury claim. This sum was placed in the parties joint account and has since been expended. The defendant made extensive use of the credit cards.
The rental property on Quintard Terrace generates between $18,000 to $23,000 per year in gross rental income according to the 1988 and 1989 income tax returns with a net rental loss of $13,000 to $15,000.
In July 1990, the defendant refinanced the existing mortgage on the Quintard Terrace property generating approximately $50,000 in net funds which the defendant used to pay off credit cards, loans, attorney's fees and miscellaneous items.
The court found the plaintiff to be the more credible. The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
Real Property CT Page 3451
A. 103 Lawn Avenue, Stamford
1. The plaintiff is awarded the marital home located at 102 Lawn Avenue, Stamford and the defendant shall transfer all his right, title and interest in and to said premises to the plaintiff forthwith, subject to the existing encumbrances which shall be the responsibility of the plaintiff.
2. The defendant shall comply with the outstanding pendente lite orders with respect to the payment of the 1st and 2nd mortgage payments on said marital property. Said 1st and and mortgage payments shall be made current by the defendant through May 1, 1991.
3. The defendant shall forthwith waive any right or interest he may have to utilize the People's Bank credit line which is secured by the Lawn Avenue property.
B. 53-55 Quintard Terrace, Stamford
1. The defendant shall be solely entitled to the premises located at 53-55 Quintard Terrace, Stamford and shall be solely responsible for all the encumbrances thereon and shall hold the plaintiff harmless.
Custody and Visitation
1. The parties have entered into an agreement dated April 3, 1991 with respect to custody and visitation which the court has approved and entered as an order. The interests of the minor children were represented by an attorney.
2. In accordance with said agreement, custody of the minor children is awarded to the plaintiff.
3. The defendant shall not have visitation, at the present time, until such time as the children are ready to see the defendant.
4. The remaining provisions of the agreement are incorporated by reference into this decree and made a part thereof.
Child Support
1. The defendant shall pay to the plaintiff as child support the sum of $110 per week per child until said child shall reach the age of 18 years, become emancipated or die. CT Page 3452
2. The defendant shall provide and maintain medical coverage as is available at his place of employment for the benefit of the minor children. Any unreimbursed medical expense shall be equally divided between the parties.
3. The defendant shall provide the plaintiff with appropriate medical insurance forms for processing medical insurance claims on behalf of the children. The provisions of 46b-84 (c) are entered as an order.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of $50 per week until such time as the plaintiff shall die, remarry or eight years from the date hereof, whichever event shall first occur.
Qualified Domestic Relations Order
The plaintiff shall be entitled to a one-third interest in the present value of the defendant's pension plan at Gannett Westchester Newspapers. A Qualified Domestic Relations order shall issue to effectuate this order and the court shall have continuing jurisdiction.
Medical Coverage
The defendant shall cooperate with the plaintiff so as to secure the plaintiff's entitlement to COBRA medical coverage through the defendant's employment, which coverage shall be at the sole expense of the plaintiff.
Personal Property
1. The defendant shall be entitled to the following:
 Box of ceramic mugs; work bench and tools; skylight, cabinet, boxes, heaters in attic, water pump; one lawn mower; cook-top burner.
2. The plaintiff shall be entitled to the following:
 Grill; one lawn mower; water purifier; the 1985 Subaru motor vehicle. CT Page 3453
The remaining furniture and furnishings contained in the marital home shall be the sole property of the plaintiff.
3. The defendant shall be accompanied by Ivory Griffith for the removal of his personal property. Reasonable notice shall be given to the plaintiff of the defendant's intent to remove his property.
Debts
1. The outstanding medical bills for the minor children shall be processed through the defendant's medical carrier. Any unreimbursed medical bill shall be equally divided between the parties. The court refers to the bills of Doctors Falkoff, Gasiorowski, and Raus.
2. The defendant shall be responsible for the remaining bills as indicated in his financial affidavit dated April 3, 1991.
3. The defendant shall be responsible for the balance due Dr. Jay Harris.
Attorneys' Fees
The attorney for the minor children is awarded attorney's fees in the amount of $4,924. The defendant shall pay $3,337 and the plaintiff shall pay $1,587. Said fees shall be paid within six months of date.
Life Insurance
The defendant shall maintain a life insurance policy in the amount of $100,000 with the plaintiff and the two minor children noted as beneficiaries thereon for so long as the defendant has obligations of alimony and/or child support. This provision shall be modifiable.
Income Tax Exemptions
The plaintiff shall be entitled to claim the minor child Dianne Smikle as an exemption for income tax purposes. The defendant shall be entitled to claim the minor child Julie.
Restraining Order
Neither party shall harass the other and neither party shall inflict physical abuse on the other.
Counsel Fees CT Page 3454
The defendant shall pay to the plaintiff as counsel fees the sum of $2,000 payable one year from date.
An immediate withholding is ordered.
COPPETO, J.